UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD C. ANDERSON,

        Plaintiff,

                                                    Case No. 07-14377
v.                                         Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

## ORDER

The Plaintiff, Leonard C. Anderson ("Anderson"), filed a complaint under 42 U.S.C. § 405(g), in which he asked the Court to review a final decision by the Commissioner of the Social Security Administration ("Commissioner") who had denied his claim for disability insurance benefits. Thereafter, Anderson and the Commissioner filed motions for summary judgment pursuant to Fed. R. Civ. P. 56(c),[1] both of which were referred to Magistrate Judge R. Steven Whalen for a report. On September 25, 2008, he submitted his report which contained a recommendation that the Court (1) grant the Commissioner's motion for summary judgment and (2) deny Anderson's motion for the same relief. A timely objection by Anderson on October 6, 2008 followed.

For the reasons that have been set forth below, the Court adopts the report and recommendations of Magistrate Judge Whalen in full.

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

I.

Anderson was born on March 2, 1958. He, after completing his high school education, worked as a factory worker and a fast food employee. On March 2, 2004, he filed an application for disability insurance benefits, complaining of lung problems, diarrhea, and Hepatitis B with an onset date of June 15, 2003. After being initially denied benefits on April 23, 2004, Anderson made a timely request for an administrative hearing which took place before Administrative Law Judge Patricia Hartman ("ALJ Hartman") on November 6, 2006. She determined on February 14, 2007 that Anderson was not disabled. After the Appeals Council rejected Anderson's petition for an administrative review on July 10, 2007, he filed for a judicial review of the final decision with this Court on October 15, 2007.

II.

This Court has the authority to review a final decision of the Social Security Administration to determine if it is supported by substantial evidence on the record and whether the Commissioner applied the correct legal standards to the issues. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been described as the requisite amount of proof that would be necessary for a "reasonable mind [to] accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, this Court has an obligation to conduct its review of the record and, in so doing, it should not attempt to try the case *de novo*, "make credibility determinations," or "weigh the evidence." *Id.* (citing *Reynolds v. Sec'y of Health & Human Serv.*, 707 F.2d 927 (6th Cir. 1983).

III.

In his report that was filed with the Court, Magistrate Judge Whalen noted that "ALJ Hartman found that although Anderson's asthma, right shoulder pain 'secondary to rotator cuff tendinitis,' degenerative disc disease, and 'possible alcoholic cardiomyopathy' were 'severe' impairments based on 20 C.F.R. § 404.1520(c), none of the conditions met or medically equaled one of the listed impairments . . . ."  ALJ Hartman also concluded that, although Anderson's impairments had prevented him from performing his past relevant work, he nevertheless retained the residual functional capacity for a "range of light work."  Thus, in submitting his recommendation to the Court, Magistrate Judge Whalen opined that "based on a review of this record as a whole, the . . . decision [of ALJ Hartman] is well within the 'zone of choice' accorded to the fact-finder at the administrative hearing level . . . and should not be disturbed by this Court."

In expressing his objections to the report, Anderson asserts that (1) his treating physician's opinion relating to the claimed work limitations "was entitled to significant weight" pursuant to 20 C.F.R. § 404.1527(d) and (2) ALJ Hartman's credibility findings were not supported by substantial evidence.  These arguments by Anderson must be rejected for a couple of reasons.  First, the Sixth Circuit Court of Appeals has declared that the medical opinion of a treating physician should be accorded more weight than the views of a non-treating doctor if it is supported by "medically acceptable clinical and laboratory diagnostic techniques." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  However, there are certain circumstances in which the administrative law judge may be justified in giving the treating physician's opinion less evidentiary weight than usual.  *See id.* (Treating physician's opinion may be given less weight than the conclusion by a non-treating doctor if such factors as "the nature and extent of the treatment relationship, supportability

3

of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source" are considered). Here, a careful review of the record by this Court reveals that ALJ Hartman conducted a procedurally and substantively sound "treating physician analysis" and found evidence elsewhere in the record which supports her non-disability finding.

The Court also rejects Anderson's argument regarding the ALJ's credibility determination. An ALJ's "credibility determination must stand unless 'patently wrong in view of the cold record.'" *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989). Significantly, ALJ Hartman observed that Anderson's claim of disability as a result of asthma was undermined by his continued use of tobacco – even after having been advised to quit by his physicians. *See Sia v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)(Credibility determination permissively took into account that the claimant had ignored his physician's advice to give up smoking.). Similarly, the determination by the ALJ that Anderson's alcohol abuse exacerbated his physical problems is supported by overwhelming evidence in the record. The Court has found nothing in the record upon which to indicate that ALJ Hartman's credibility determination was unsupported or "patently wrong."

## VI.

For the reasons that have been stated above, the Court adopts in full the report of Magistrate Judge Whalen. Hence, the Court will, and does, (1) grant the Commissioner's motion for summary judgment, and, (2) deny Anderson's request for similar relief.

IT IS SO ORDERED.

Dated:  March 6, 2009                 s/Julian Abele Cook, Jr.
      Detroit, Michigan            JULIAN ABELE COOK, JR.
                                             United States District Court Judge

## Certificate of Service

       I hereby certify that on March 6, 2009,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                           s/ Kay Doaks
                                                           Courtroom Deputy Clerk